IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**PARRIS HILL**                                                                                            **PLAINTIFF**
**#0033839**

**V.**                          **NO. 3:21-cv-00165-DPM-ERE**

**GREENE COUNTY and**
**GREENE COUNTY DETENTION CENTER**            **DEFENDANTS**

## ORDER

Plaintiff Parris Hill, an inmate at the Greene County Detention Center (Detention Center), filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Although Mr. Hill originally filed this case as a multi-plaintiff case, pursuant to Court policy, this lawsuit was separated into three separate cases. The Court has allowed each Plaintiff (Parris Hill, Clay Jackson, and Eric Gallwin) to pursue their claims in their own lawsuits. Mr. Hill has now paid the statutory filing fee. *Doc. 4*.

In his complaint, Mr. Hill generally complains about the conditions of his confinement at the Detention Center. However, Mr. Hill only names Greene County and the Detention Center as Defendants. Local governments, such as Greene County, are not automatically liable under § 1983 for injuries their employees inflict. Instead, counties can be held liable only when their employees violate a prisoner's rights

while carrying out a county policy or custom.[1] *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). *Id.; Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009). In his complaint, Mr. Hill does not allege that he suffered any injury as a result of a Greene County policy or custom. In addition, the Detention Center is not an entity subject to suit in a lawsuit brought under § 1983. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).

The Court needs additional information to complete the required statutory screening of the complaint.[2] Thus, the Court will allow Mr. Hill thirty (30) days to file an amended complaint.

IT IS THEREFORDER ORDERED THAT:

1. Mr. Hill will be allowed to file, within thirty days of the entry of this Order, an amended complaint. In the amended complaint, Mr. Hill must: (1) specifically identify those individuals' response for his alleged unconstitutional

---

[1] For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id.* at 902-903.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

conditions³; and (2) state what injury he suffered as a result of each of those Defendant's conduct.

2.  If Mr. Hill fails to file an amended complaint, the Court will screen his original complaint, which is likely to result in the dismissal of some or all of his claims.

DATED this 15th day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

³ In a section 1983 action, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).