# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**PARRIS HILL**　　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**#0033839**

**V.**　　　　　　　　**NO. 3:21-cv-00165-DPM-ERE**

**GREENE COUNTY and**
**GREENE COUNTY DETENTION CENTER**　　　　　　　**DEFENDANTS**

## ORDER

Plaintiff Parris Hill, a pre-trial detainee at the Greene County Detention Center (Detention Center), filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*.[1] Mr. Hill has now paid the statutory filing fee. *Doc. 4*. However, for the reasons explained below, the Court cannot complete the required screening of his recently filed amended complaint. *Doc. 6*.

In his original complaint, Mr. Hill complains generally about the conditions of his confinement at the Detention Center. However, Mr. Hill only named Greene County and the Detention Center as Defendants. In its September 15, 2021 Order, the Court explained that, based on the allegations contained in his complaint, Mr. Hill could *not* proceed on his claims against either Greene County or the Greene

---

[1]Although Mr. Hill originally filed this case as a multi-plaintiff case, pursuant to Court policy, this lawsuit was separated into three separate cases. The Court has allowed each Plaintiff (Parris Hill, Clay Jackson, and Eric Gallwin) to pursue their claims in their own lawsuits.

County Detention Center. *Doc. 5*. Accordingly, the Court gave Mr. Hill 30 days to file an amended complaint and directed him to: (1) specifically identify those individuals' responsible for his alleged unconstitutional conditions;[2] and (2) state what injury he suffered as a result of each of those Defendant's conduct.

On September 6, 2021, Mr. Hill filed an amended complaint. *Doc. 6*. In that pleading, Mr. Hill asserts a variety of legally and factually *unrelated* claims against multiple individuals regarding events that allegedly occurred during his incarceration at the Detention Center, including claims for: (1) excessive force; (2) violation of his First Amendment rights; (3) violation of his procedural due process rights; (2) failure to provide adequate nutrition; (3) failure to provide medication; (4) unsanitary conditions of his confinement; (5) racial discrimination; (6) denial of access to the courts; (7) possible exposure to COVID-19; (8) denial of visitation; and (9) denial of recreation. He references 16 individuals in his amended complaint: Chad Danel; Falica Rowland; Morgan Roberson; Mason Dillon; Brent Cox; Justin Kayob; Cody Kelly; Alex Maury; Robert Case; Shanchaze Cheyanne; Charles Moss; Macy Caldwell; Alicia Hauble; Glen James; CEO Perkins; and Steve Franks.

---

[2] In a section 1983 action, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Given the complex and confusing nature of Mr. Hill's unrelated claims asserted in the amended complaint, the Court cannot complete the screening process mandated by 28 U.S.C. § 1915A.[3]

Mr. Hill may *not* pursue unrelated claims in one lawsuit. Similarly, multiple defendants may be joined in one lawsuit *only* if the claims against them: (1) arise "out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) involve "any question of law or fact common to all defendants." FED. R. CIV. P. 20(a)(2); see also FED. R. CIV. P. 21 (providing that a court may *sua sponte* "add or drop" an improperly joined party or "sever" any claim); *Stephens v. Does,* 777 F. App'x 176, 177 (8th Cir. 2019) (affirming dismissal without prejudice of several unrelated claims).[4]

The unrelated nature of Mr. Hill's claims would make it very difficult for the parties to complete discovery, file appropriate motions, or present this case to a jury in a coherent manner.

---

[3] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[4] A prisoner cannot attempt to defeat the filing fee requirements in § 1915 by joining unrelated and legally distinct claims in one lawsuit. See *Bailey v. Doe,* 434 F. App'x 573, 573 n.1 (8th Cir. 2011) (affirming severance of a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees).

To allow Mr. Hill to correct these deficiencies, the Court will provide Mr. Hill 30 days to file a second amended complaint. If Mr. Hill files a second amended complaint, it will supersede or replace the current amended complaint. See *In re Atlas Lines, Inc.* 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). Thus, he should make sure that his second amended complaint, if filed, includes all allegations relevant to any claim he wants to pursue in this lawsuit.

Finally, all that Mr. Hill needs to include in his second amended complaint is a "short and plain statement" showing that he is entitled to relief, with allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or evidence that he may rely on later to prove his claim.

IT IS THEREFORE ORDERED THAT:

1. Mr. Hill will be allowed to file, within 30 days of the entry of this Order, a second amended complaint. In the second amended complaint, Mr. Hill must: (1) include only his factually and legally related claims;[5] (2) name *only* the Defendants involved in those claims; (3) clarify how *each* Defendant *personally participated* in

---

[5] For instance, Mr. Hill may bring his claim that the unsanitary conditions of his confinement violate the Constitution in this lawsuit, and then pursue his factually and legally distinct claim regarding racial discrimination in a separate lawsuit.

those claims; and (4) explain what injury he suffered as a result of each Defendant's conduct.

2.  If Mr. Hill fails to file a second amended complaint, the Court will screen his amended complaint, which is likely to result in the dismissal of some or all of his claims.[6]

IT IS SO ORDERED this 1st day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] If Mr. Hill refuses to choose a claim, then the Court may choose one for him and dismiss all unrelated claims.