IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**PARRIS HILL**                                                                                           **PLAINTIFF**
**#0033839**

V.                 NO. 3:21-cv-165-DPM-ERE

**GREENE COUNTY,** *et al.*                                                      **DEFENDANTS**

## ORDER

Plaintiff Parris Hill, a detainee at the Greene County Detention Center ("Detention Center"), proceeds on a single claim in this case: that Defendants Morgan Robertson, Falicia Rowland, Massey, Dillon Mason, and Daniel Chad used excessive force against him in January 2020. *Docs. 9, 12*.

On August 4, 2022, the Clerk of Court received an untitled, handwritten document from Mr. Hill, which was entered on the record as a motion for order. *Doc. 24.* In the motion, Mr. Hill explains that he is currently assigned to the "hole" at the Detention Center. He complains that: (1) other inmates have threatened him; (2) unidentified Detention Center officials have retaliated against him by denying his requests to be moved to a different cell; (3) unidentified Detention Center officials have ignored the risks posed by Covid-19; and (4) the conditions of his cell are unconstitutional. Mr. Hill does not explicitly request Court action, but he states that he "would feel more safer to be move[d] urgently." *Id. at 2*.

The issues raised in Mr. Hill's motion have no relationship to the claim he pursues in this case. As the Court has explained from the beginning of this case, Mr. Hill cannot use this lawsuit to combine factually and legally unrelated claims in a single lawsuit. *Doc. 7 at 3*. Nor can he use this proceeding to seek relief unrelated to the claim before the Court. To do either of these things, Mr. Hill must file one or more new lawsuits.[1]

Finally, regarding Mr. Hill's request for a Court order that he be transferred, he has no constitutional right to be housed in any particular prison. See *Manthey v. Sabol*, 80 Fed. Appx. 538, *1 (8th Cir. 2003) (unpub. per curiam) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)).

IT IS THEREFORE ORDERED THAT Mr. Hill's motion for order (*Doc. 24*) is DENIED.

Dated this 10th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Hill is reminded of his statutory duty to fully exhaust his administrative remedies before filing a new federal lawsuit. See 42 U.S.C. § 1997e; *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (holding prisoners must: (1) *fully* and *properly* exhaust their administrative remedies as to *each* claim mentioned in the complaint; and (2) complete the exhaustion process *before* filing an action in federal court).